### GUY S. NORTH V. HURON CO. (COMRS.).

No ACCOUNTING MAY BE HAD FOR WORK DONE FOR A COUNTY ON INVALID CONTRACT.
A contract between county commissioners and one who undertakes to
pike a certain county highway is invalid when no record of the com-
missioner's meeting has been made, and the auditor's certificate has
not been filed or recorded, as required by Rev. Stat. 2834b (Lan. 4286),
and cannot be enforced against the county; nor will an equitable ac-
counting be granted for the labor and material expended on the im-
provement of the road.

[For other cases in point, see 2 Cyc. Dig., "Contracts," §§ 2887-2895; 3
Cyc. Dig., "Counties," §§ 410, 411; 6 Cyc. Dig., "Municipal Corporations," §§
977-1044.—Ed.]

[Syllabus approved by the court.]

ERROR to Huron common pleas court.

**B. B. Wickham,** for plaintiff in error.

**L. W. Wickham,** for defendant in error.

## WILDMAN, J.

This case presents another phase of the questions which have arisen
between public bodies and individuals, growing out of, and providing
for, the making of improvements, without following legal requirements.

Guy S. North sued the county commissioners of Huron county in
the court below, and, upon a demurrer by the defendant board to his
petition, it was held insufficient and judgment rendered accordingly, the
plaintiff not caring to plead further.

The petition alleges in substance that North had been employed by
the board of Huron county commissioners to grade and level the Hunt's
Corners road and to place crushed stone thereon. the contract being a
sort of a tripartite one, the township trustees joining in it and sub-
sequently paying for their proportion of the agreed price.

The petition discloses the fact that no record of the meeting of the
commissioners had been made as required by law and that the contract
was otherwise invalid by reason of the nonfiling and recording of the
auditor's certificate, for which provision is made in Rev. Stat. 2834-b
(Lan. 4286). The petition alleges that the omission of this certificate
was an oversight. It alleges the doing of the work and the furnishing
of the material by North.

The improvement is one where it would seem impossible for a person to make it and subsequently remove the material placed upon the road-bed to any advantage to himself or without destruction of the highway, or injury to it. It is not like the case of the possible removal of a. structure such as a bridge or any other tangible and severable property, the restoration of which to the person furnishing it may, under some circumstances, be made by a court of equity.

We have had quite a careful adjudication in this state of analogous, questions. Without stopping to read them, reference may be made especially to the case of *Wellston* v. *Morgan*, 65 Ohio St. 219 [62 N. E. Rep. 127], where it was held that no implied contract would arise under similar circumstances. In *Buchanan Bridge Co.* v. *Campbell*, 60 Ohio St. 406 [54 N. E. Rep. 372], it was held that there could be no recovery by a person furnishing an improvement, for the value thereof as upon an implied contract.

The case of *Comstock* v. *Nelsonville* (*Vil.*), 61 Ohio St. 288 [56 N. E. Rep. 15], held, in reference to a contract with a municipality where the provisions of a similar statute had been violated,—original Rev. Stat. 2702 (see Lan. 3999; B. 1536-205),—that in the absence of such certificate, when required, no liability arises against the municipality, even though the contractor has fully performed his contract.

The question has been presented in various ways—sometimes by suits to enjoin public authorities from carrying out the contract to pay the purchase price; sometimes by mandamus in an effort to compel payment of the price, and as in *Buchanan Bridge Co.* v. *Campbell, supra,*. in an effort, after other means had failed, to obtain payment by the person who had furnished the property, by suit for the value of the property furnished, as upon an implied contract.

A case was presented to me in Sandusky county in which the county commissioners had paid for a bridge, without legal authority, the required certificate not having been filed, and suit was instituted by the prosecuting attorney of the county, to recover, in behalf of the county, the price so unlawfully paid. In that case, the defendants' answer alleged that the contract had been performed and the price had been paid to them under the supposition that the certificate of the auditor was on file and that, as stated in the answer of one or more of the defendants, the commissioners had represented to the persons furnishing the structure that the proper certificate was on file.

There was nothing to indicate that it was impracticable to restore both parties substantially to the status which they had occupied before

North v. Commissioners.

entering into the contract. The case, to which I refer for such relevancy as it may have to the case at bar, is *State* v. *Fronizer*, 15 Dec. 613, and I refer also to the cases there cited and considered, · one of which is the federal decision, *Lee* v. *Monroe Co.* (*Comrs.*) 14 O. F. D. 43 [114 Fed. Rep. 744; 52 C. C. A. 376], decided by the United States circuit court of appeals, wherein the person or company which had furnished a bridge, was permitted to sue for and recover the bridge, with the value of its use during the time that it was in the possession of the public.

Upon the authorities and principles considered and discussed in *State* v. *Fronizer, supra,* I held that the demurrers to the answers of the bridge company and certain agents, ought not to be sustained and I overruled the same. That case has not been disturbed. Whether it will be, of course, I have no means of knowing; but up to the present time, I am entirely satisfied that the principles are properly enunciated. [The case has, since the rendition of this opinion, been affirmed by the circuit court in *State* v. *Fronizer*, 28 O. C. C. 709.] Do these principles apply to the case at bar?

The plaintiff, recognizing the difficulties confronting him, has instituted a suit here, not for the recovery of property, an endeavor which, indeed, would seem to be futile by reason of the character of the improvement,—nor for the value of the improvement to the public,—but he has filed a petition in equity, seeking equitable relief; in other words, he seeks an accounting, asking the court substantially to determine how much loss he has sustained by · reason of the mistake which he has committed in entering into this contract. My associate, in announcing an opinion as to another case a few moments ago, said that so far as he was concerned, he was very glad that the court had been unable to discover any error prejudicial to the plaintiff in error, in the case being decided. I think I may say for all the members of this court that if we could find error in the holding of the court below in the case at bar, we should very gladly do it. It is a matter of profound regret that the difficulty which has arisen and which the plaintiff in error has encountered seems insurmountable.

As I have said, the plaintiff seeks relief in the way of an accounting for loss which he has sustained by his own mistake. It is not alleged that that contract was entered into by mutual mistake of the parties thereto. It is very doubtful whether, even if it were alleged in the petition that it was a mutual mistake of plaintiff and the commissioners as to the omission of this certificate, it would make

the case very much stronger for the plaintiff. The commissioners are not the persons against whom a recovery is sought except in a formal way; they are the trustees of the public; they are public officials representing the people. It is true they are a *quasi*-corporate body capable of suing and being sued. The property with regard to which the claims are made, is not theirs; that is, not theirs in any personal or individual way; they have no private interest in it except that small private interest which every citizen of the county may have. Is this the kind of a case against the consequences of which equity will relieve? It is not a case where there is an effort being made to rescind a contract and where, before permitting the rescission, a court of equity will compel restitution by both parties or by neither. There is no averment or suggestion that the county commissioners are not willing to restore. It is a matter in which the nature of the property is such that there can be no restoration.

If the plaintiff, without any contract, had gone upon the highway and graded it and placed stone thereon and had endeavored to improve it under a mistake of the law on his part, believing that if he improved a public highway, he would be entitled to receive his pay for it, it would hardly be contended that that would present a case wherein he could recover from the county, through its officials, damages for loss sustained by him or that he could obtain from a court of equity a decree in his favor for an accounting.

After all, he seems to be basing his claim and the right to a recovery substantially upon an implied contract, in the absence of a valid, express one, and that, the Supreme Court has held in *Buchanan Bridge Co.* v. *Campbell, supra,* he cannot do.

The case is a hard one, and the court has been strongly tempted to make a decree that the plaintiff may have an accounting for what he has expended, and the value of his services, and a judgment for such sum as is necessary to make him whole; not to give him a profit, such as might be involved in the measure of his right under a legal contract.

But we have concluded on the whole that the court below could not well have done otherwise, under the authorities and the decisions of our own Supreme Court, than to make the ruling and render the judgment which were made and rendered, and having arrived at that conclusion, there is nothing for us to do but to permit the judgment below to stand. We do it in the hope that if the case shall go higher, the Supreme Court will find some ground for reversing the judgment of

North v. Commissioners.

this court, or of suggesting some other way by which Mr. North may recover the value of his services.

It does not appear that there has been anything in the way of corruption on the part of either of the parties to this attempted contract. It seems to be an honest claim on the one hand, and a willingness on the other to pay. The commissioners perhaps feel that they might make themselves personally liable or that they might be departing from their sworn duties if they, having knowledge now of the legal rules, applicable to the claimed contract, should attempt to carry out its provisions by making a payment of the purchase price. The judgment of the court below will be affirmed.

**Haynes** and **Parker, JJ.,** concur.